IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02534-JLK-PAC

PINETREE FINANCIAL PARTNERS FF, Ltd.,

      Plaintiff,

v.

JOSEPH F. KERESZT,

      Defendant.

_____

ORDER REMANDING CASE TO STATE COURT
_____

KANE, J.

      This matter is before me on a Notice of Removal filed by *pro se* Defendant Joseph F. Kereszt. Defendant seeks to remove Plaintiff's foreclosure action against him from Denver County Court to federal court pursuant to 28 U.S.C. § 1441(a). Mr. Kereszt asserts the foreclosure action implicates his rights under the Fifth and Fourteenth Amendments of the United States Constitution as they pertain to the taking of real property without due process. The Notice is defective in that it fails to state whether it satisfies the thirty-day filing requirement of 28 U.S.C. § 1446(b), (c) and does not include a copy of all process, pleading, and orders served upon the Defendant up to the time of removal as required under 28 U.S.C. § 1446(a).

      To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. 1441(a). "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), so that all doubts are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). It is the obligation of

1

the removing defendant to establish that the jurisdictional prerequisites for removal are met. *See Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (applying principle in diversity jurisdiction case)(citing *Laughlin* at 873). Because the court is unable to determine from the face of the Notice whether the Notice is timely and whether federal jurisdiction, in fact, exists, the Notice must be deemed DEFECTIVE and the matter REMANDED back to Denver County Court.

Dated December 19, 2006.

        **s/John L. Kane**
        SENIOR U.S. DISTRICT COURT JUDGE